CHARLES L. JACOBUS ET AL., PROSECUTORS AND APPELLANTS, v. FLORENCE E. CAHILL ET AL., DEFENDANTS AND RESPONDENTS.

Argued March 8, 1915—Decided June 14, 1915.

1. *Certiorari* is the proper remedy to review an order and proceeding of the Circuit Court against unknown owners and persons in interest had under section 3 of a supplement to the Martin act (*Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325), upon which a deed of conveyance to a purchaser at a tax sale is founded.

2. In a proceeding under section 3 of a supplement to the Martin act (*Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325), where the order made by the Circuit Court, and the notice directed thereby, required the unknown owners, &c., "to redeem said lands on or before the 19th day of December, 1908, or show cause before the Circuit Court on that day at ten o'clock in the forenoon at the court house in the city of Newark, why a deed therefor should not be delivered to the purchaser," the owners had until ten o'clock in which to redeem or to show cause. They were not required to do both. And the owners, having redeemed the lands at nine-thirty o'clock in the forenoon by payment to the city comptroller, the Circuit Court was without power at ten o'clock in the forenoon or thereafter to make an order for the delivery of a deed.

3. A petition against unknown owners of land, under section 3 of a supplement to the Martin act (*Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325), having for its object the delivery of a deed to a purchaser of lands at a tax sale, must describe the lands by metes and bounds, and in default of such description is invalid.

4. Every requirement of section 3 of a supplement to the Martin act (*Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325), prescribing the procedure which tends to the security of the owner, or is for his benefit, must be strictly conformed to.

On appeal from the Supreme Court.

For the appellants, *Sidney W. Eldridge* and *Clark McK. Whittemore*.

For the respondents, *McCarter & English* (*Arthur F. Egner* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the Supreme Court affirming on *certiorari* the order and proceeding of the Circuit Court of Essex county against unknown owners, under section 3 of a supplement to the Martin act. *Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325.

It appears that on May 28th, 1906, Florence E. Cahill purchased a tract of meadow land at a tax sale made by the city comptroller of Newark, and received a certificate of sale number 7218. Subsequently, she filed a petition against unknown owners and obtained from the Circuit Court of Essex county an order that such unknown owners and persons in interest "show cause before the Circuit Court, at the court house, in the city of Newark, on the 19th day of December, 1908, why a deed should not be made and delivered for the said lands to the purchaser," &c. Such order further provided for notice to the unknown owners and persons in interest requiring them to redeem on or before the 19th day of December, 1908, or show cause before the court on that day, at ten o'clock in the forenoon, why a deed therefor should not be delivered. Such notice was published accordingly.

On December 19th, 1908, the return day of the rule to show cause, Hippolyte A. DeRaismes, claiming to act on behalf of the owners, or some of them, redeemed the premises from the above-mentioned tax sale at nine-thirty o'clock in the forenoon and received a redemption certificate.

On the same day, notwithstanding this redemption made by Mr. DeRaismes, the Circuit Court, after the opening of court, made an order for a deed. When the purchaser, Mrs. Cahill, demanded of the comptroller the deed, he refused to deliver

it because of the redemption made by Mr. DeRaismes, and thereupon the purchaser filed a supplemental petition in the Circuit Court upon which a rule to show cause was allowed against the comptroller requiring him to deliver a deed, or show cause, on May 8th, 1909, why he should not obey the order of December 19th, 1908. Under this rule depositions were taken which disclosed such redemption of the premises. On the 2d day of June, 1911, an order was made by the Circuit Court requiring the comptroller to make a deed to Mrs. Cahill, and it was made accordingly. Subsequently, the property was conveyed by Mrs. Cahill and her husband to P. Sanford Ross.

Charles L. Jacobus and others, claiming to be owners, and in whose behalf such redemption was made, thereupon sued out a writ of *certiorari*. The Supreme Court affirmed the order and proceedings of the Circuit Court, and the prosecutors of the writ appeal.

At the outset we remark that we think that *certiorari* is the proper remedy to review an order and proceeding of the Circuit Court against unknown owners and persons in interest had under section 3 of a supplement to the Martin act (*Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325), upon which a deed of conveyance to a purchaser at a tax sale is founded. *Baxter* v. *Jersey City*, 36 *N. J. L.* 188.

Coming now to the case presented, we are of the opinion that the order and proceedings of the Circuit Court cannot be sustained. We assume that the redemption certificate covers the property mentioned in the certificate of sale. The Circuit Court so found, and there was evidence to support the finding. The trial judge stated the question at issue to be whether the redemption was effectual. Both the Circuit Court and the Supreme Court thought that it was not effectual because they considered the redemption untimely. They held, in effect, that the order for conveyance made on December 19th, at ten o'clock in the forenoon, preceded the redemption by Mr. De-Raismes at nine-thirty o'clock in the forenoon of the same day, although in fact, of course, such redemption was prior in point of time; the theory being that a judicial act took precedence

over any other act on the same day. That conclusion, we think, was erroneous.

Section 3 of the supplement to the Martin act (*Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325), under which the proceeding was had, provides for the publication of a notice to the unknown owners, &c., "requiring them to redeem said lands or to show cause why a deed therefor should not be delivered to the purchaser thereof, or his legal representatives or assigns, within the time specified in said order," &c. The section further enacts that in case such unknown owner, mortgagee or other interested person shall not appear and show cause or redeem the said lands within the time limited by the said order, then the court shall, on the return day thereof, *or afterwards,* make an order for the deed. The order in the present case directed the publication of a notice to the unknown owners, &c., "to redeem said lands on or before said 19th day of December, 1908, or show cause before this (Circuit) Court at that day at ten o'clock in the forenoon, at the court house, in the city of Newark, why a deed therefor should not be delivered to the purchaser," &c. The notice published in accordance with the terms of the order directed the unknown owners "to redeem said lands from said sale on or before the 19th day of December next, or to show cause on that day before said court, at the court house, in Newark, Essex county, New Jersey, at ten o'clock A. M., why a deed therefor should not be delivered," &c.

It may well be doubted whether, under the peculiar language of the order and notice, the owners had not all of the business day of December 19th in which to redeem. But under the view most favorable to the proceeding, it is quite plain that under the statute and order and notice, the owners had until ten o'clock in the forenoon in which to redeem or to show cause why a deed should not be delivered to the purchaser. They were not required to do both. As a matter of fact, they redeemed at nine-thirty o'clock in the forenoon, and that was before the time required by the notice, and so they were not required to show cause. And having redeemed within time the Circuit Court could not thereafter make an order for

the deed. Whatever may be the rule with respect to the presumption as to the time when an act is done by the court, it cannot be applicable to the present case, where the order to show cause was not returnable until ten o'clock in the forenoon, and the court could not have made an order prior to that time. It is very different from a case where the court may act at any time on the day in question. To validate the action of the Circuit Court by a fiction would be to nullify the terms of the order and notice upon which the proceeding is based. The provision of the statute that in case the owner shall not appear and show cause or redeem within the time specified in the order, then the court shall, on the return day thereof, *or afterwards*, make an order for a deed, is significant. It contemplates a variety of objections that the owner might make to the proceeding, as, for example, that the tax has been paid, or that the person initiating the proceeding was not the purchaser at the tax sale. The redemption being made in due time, the order thereafter made for the deed was ineffectual.

There is, moreover, another objection to the proceeding under review, which is equally fatal and more fundamental in character. It relates to the sufficiency of the petition.

The statute (section 3 of the supplement to the Martin act, *Pamph. L.* 1889, *p.* 309; *Comp. Stat., p.* 5218, ¶ 325) requires that in proceedings against an unknown owner the petition "shall describe the said lands so sold, not only by lot and block numbers, * * * *but also by metes and bounds.*" In this case the land was described by lot and block numbers, but not by metes and bounds. Such failure to conform to the requirements of the statute is fatal to the validity of the petition.

It is said that it was impossible to describe the lands by metes and bounds. We doubt if it was impossible. But if it was that does not help the petitioner. She was seeking to take away land from the owner by statutory proceedings. In such case every requirement of the statute prescribing the procedure which tends to the security of the owner, or is for his

benefit, must be strictly conformed to. *Baxter v. Jersey City,* 36 *N. J. L.* 188. If the statute has failed to provide for a case where it is impossible to give a description of the lands by metes and bounds, it has failed to provide any method by which this land can be taken, if, in fact, it cannot be described by metes and bounds. But we cannot conceive of a tract of land that cannot be described by metes and bounds, for surely it was possible to have had a survey made and thereby to have ascertained its proper metes and bounds, and so described it.

For the reasons stated there must be a reversal. What effect that may have upon the grantee of Mrs. Cahill, is a question we have not considered, as it does not arise under this record.

The judgment of the Supreme Court will be reversed, and the record remitted to that court in order that a judgment may be there entered setting aside the order and proceedings under review. The appellants are entitled to costs in both courts.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ. 13.